UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-328-GWU

JEFFREY WHITE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Jeffrey White brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

07-328  Jeffrey White

       Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

    Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

07-328  Jeffrey White

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that White, a 51-year-old former lumberyard worker, construction worker and mortar mixer with a high school equivalent education, suffered from impairments related to left eye blindness. (Tr. 16, 20). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform work at all exertional levels, restricted from a full range by an inability to perform work requiring bilateral visual acuity. (Tr. 20). Since the claimant was found capable of returning to his past mortar mixing work, he could not be considered totally disabled. (Tr. 22-23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly concluded that White could return to his past relevant work as a mortar mixer despite his physical restrictions. The plaintiff was found to have

07-328  Jeffrey White

no exertional limitations.  The <u>Dictionary of Occupational Titles</u> (DOT) § 869.687-026 concerning the job of mortar mixer indicates that a loss of bilateral visual acuity could be very significant in performing this job.  However, the claimant performed this work in 1991, long after losing his left eye vision during the Vietnam War era and, so, this impairment did not preclude this position.  (Tr. 158, 300).  In <u>Auer v. Secretary of Health and Human Services</u>, 830 F.2d 594, 596 (6th Cir. 1987), the Sixth Circuit Court of Appeals indicated that blindness in one eye did not contribute to the claimant's inability to work, given his long history of working with the condition. Therefore, assuming that the aforementioned limitations fairly characterized the plaintiff's condition, a finding of disabled status, within the meaning of the Social Security Act, was precluded.

White does not challenge the ALJ's assessment of his physical condition. The plaintiff noted problems with a recent leg injury, high blood pressure, left eye blindness and poor vision in the right eye.  (Tr. 77).  Left eye blindness had been a problem for the claimant since a 1969 Vietnam War injury and this was found to be a "severe" impairment.  (Tr. 158).  Dr. Bobby Kidd examined White and noted that he was legally blind in the left eye but had 20/30 vision in the right.  (Tr. 213).  Dr. Kidd did not impose any physical restrictions.  (Tr. 210-224).  A hospitalization report from Marymount Medical Center reveals treatment for a left knee injury in August of 2003. (Tr. 142-156).  No long-term physical restrictions were imposed by

medical sources as a result of this problem. Treatment notes from the Veteran's Administration Medical Center (VAMC) record hypertension as a problem for the claimant but report that it was well-controlled in January of 2002. (Tr. 157-202). The VAMC staff also did not impose physical limitations on White. Therefore, the court finds no evidence suggesting that the plaintiff was physically more limited than found by the ALJ.

White argues that the ALJ erred in failing to find that he did not suffer from a "severe" mental impairment. The plaintiff was examined by Psychologist Pamela Starkey, who diagnosed a generalized anxiety disorder, insomnia, and a possible history of alcohol abuse. (Tr. 208). The claimant's Global Assessment of Functioning (GAF) was rated at 55. (Id.). Such a GAF suggests the existence of "moderate" psychological symptoms, according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. The examiner opined that White would be "moderately to significantly" restricted in his ability to relate to others and would also be impaired in responding to pressures. (Id.). The record was also reviewed by Psychologists Edward Ross (Tr. 244-247) and Ilze Sillers (Tr. 248-251), who each opined that the plaintiff would be "moderately" limited in maintaining attention and concentration, performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerance and in interacting with the general public. The

07-328  Jeffrey White

claimant asserts that these are significant psychological restrictions which support the existence of a "severe" mental impairment.

The ALJ cited a number of reasons why Starkey's opinion was not entitled to controlling weight.  In addition to her aforementioned diagnosis and limitations, Starkey also stated that White did not present a clear diagnostic picture because her review of medical records revealed a history of polysubstance abuse which he currently denied to her.[1]  (Tr. 208).  Since the examiner appeared to be unsure of her diagnosis and limitations, the ALJ chose not to give her opinion significant weight.  (Tr. 20).  Ross indicated that due to concerns about substance abuse, Starkey's opinion was not entitled to more than partial weight.[2]  (Tr. 246).  Therefore, under these circumstances, the court agrees that the ALJ could discount the opinion of Starkey.

The ALJ also did not rely upon the opinions of the reviewers to find that White suffered from a "severe" mental impairment.  The administrative regulations recognize that agency reviewers are highly qualified experts in the area of social security disability.  20 C.F.R. § 404.1527(f)(2)(I).  Obviously, these experts would

---

[1] The VAMC treatment notes diagnose a history of ethanol abuse.  (Tr. 160).  The VAMC notes also report a history of prescription drug abuse, with the plaintiff at one point indicating he had been using Xanax, obtained from relatives and "off the street," for 10 years. (Tr. 189).

[2] Public Law 104-121 now prohibits an award of Social Security Disability benefits when drug or alcohol abuse is a contributing material factor to disability.

07-328  Jeffrey White

understand the need to differentiate between limitations relating to a discrete mental impairment and those relating to substance abuse which can no longer be considered and, so, these opinions would appear to relate to a discrete mental impairment.

The ALJ stated that he was rejecting White's claim of suffering from a "severe" anxiety disorder due to his failure to follow prescribed treatment and to comply with referrals to mental health professionals. (Tr. 20). However, the Sixth Circuit Court of Appeals has stated that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989). Therefore, the undersigned is not persuaded that the plaintiff's mental problems were "less than severe."

Even if the ALJ erred in failing to find that White suffered from a "severe" mental impairment, this error would appear to be harmless in the present action. White was found capable of returning to past relevant work. Thus, the burden of proof in coming forward with evidence did not shift to the Commissioner but remained with the plaintiff. In addition to showing that he suffered from a "severe" mental impairment, the claimant needed to make a further showing that the mental limitations imposed by the medical reviewers would preclude performance of his past work as well. This has not been done. The "moderate" limitations cited would

07-328  Jeffrey White

not necessarily carry his initial burden.  Therefore, the undersigned finds no reversible error in this action.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 11th day of June, 2008.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**